J-S16020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :               PENNSYLVANIA
                                 :
             v.                     :
                                 :
                                 :
CHRISTOPHER CHARLES FAUST       :
                                 :
           Appellant          :    No. 950 EDA 2022

Appeal from the PCRA Order Entered February 1, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at CP-23-CR-0002079-2008

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:              **FILED JUNE 9, 2023**

Christopher Charles Faust (Appellant) appeals *pro se* from the order denying his first Post Conviction Relief Act (PCRA)[1] petition following resentencing. We affirm.

On September 9, 2010, the trial court found Appellant guilty of third-degree murder, attempted murder, and related offenses.[2] Appellant's convictions resulted from the February 24, 2008 shooting death of Anthony Dunn (Dunn) and attempted murder of Yahshaw Humphrey (Humphrey). On November 3, 2010, the trial court sentenced Appellant to an aggregate prison term of 22 to 50 years, followed by 4 years of probation. This Court affirmed

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S.A. §§ 2502(c), 901.

Appellant's judgment of sentence; our Supreme Court denied allowance of appeal. *See Commonwealth v. Faust*, 64 A.3d 11 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 74 A.3d 1030 (Pa. 2013).

Appellant timely filed a first PCRA petition, which the PCRA court dismissed without a hearing on November 2, 2015.[3] On April 18, 2017, this Court reversed the PCRA court's order, in part. We vacated Appellant's judgments of sentence for attempted murder and third-degree murder and remanded for resentencing in accordance with *Alleyne v. United States*, 570 U.S. 99 (2013). *See Commonwealth v. Faust*, 169 A.3d 1176 (Pa. Super. 2017) (unpublished memorandum at 3-4). On remand, the trial court appointed new counsel for Appellant. Following a hearing, the court resentenced Appellant to 17 – 35 years in prison for third-degree murder, and a consecutive 5 – 10 years in prison for attempted murder. Sentence, 9/19/17.

> On October 3, 2017, counsel filed an untimely post-sentence motion on Appellant's behalf. That same day, counsel filed a petition for leave to withdraw. The court conducted a hearing on the post-sentence motion on October 19, 2017. At the conclusion of the hearing, the court denied the post-sentence motion as untimely **and without merit**. In a separate order entered that same day, the court permitted counsel to withdraw. Appellant filed a *pro se* notice of appeal on October 30, 2017, which this Court quashed for lack of jurisdiction. Appellant subsequently filed a petition for allowance of appeal, which our Supreme Court denied on January 7, 2020.

_____

[3] The PCRA court permitted counsel to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 2, 2020, Appellant filed a *pro se* PCRA petition, alleging ineffective assistance of prior counsel in conjunction with the resentencing proceedings. The petition also averred that Appellant remained indigent, and it explicitly requested the appointment of counsel. (**See** PCRA Petition, filed 3/2/20, at 8(B)). The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on April 22, 2020. Appellant timely filed a *pro se* response to the Rule 907 notice, but the PCRA court dismissed his petition on May 27, 2020. Appellant timely filed a *pro se* notice of appeal on June 19, 2020….

**Commonwealth v. Faust**, 245 A.3d 1034 (Pa. Super. 2020) (unpublished memorandum at 3) (emphasis added; footnote omitted).

On appeal, this Court vacated the PCRA court's order and remanded for appointment of counsel. **Id.** (unpublished memorandum at 6). We concluded, "Appellant's current petition effectively amounts to a 'first' petition challenging his resentencing[.]" **Id.** (unpublished memorandum at 5).

On remand, the PCRA court appointed counsel for Appellant, who filed an amended PCRA petition claiming resentencing counsel rendered ineffective assistance. Amended PCRA Petition, 3/31/21, ¶ 26. Appellant requested an evidentiary hearing and reinstatement of his post-resentencing and direct appeal rights *nunc pro tunc*. **Id.**, ¶¶ 27-28. On December 10, 2021, the PCRA court filed Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's amended PCRA petition. Appellant filed counseled and *pro se* responses to the Rule 907 notice. On February 1, 2022, the PCRA court dismissed Appellant's amended PCRA petition. Appellant timely appealed.

Appellant also filed a *pro se* petition to dismiss PCRA counsel and proceed *pro se*. Motion to Dismiss Counsel, 3/2/22. The PCRA court forwarded the motion to PCRA counsel, and dismissed Appellant's *pro se* motion for lack of jurisdiction. Order, 4/13/22. On April 22, 2022, PCRA counsel filed a petition to withdraw from representation in this Court. Petition to Withdraw, 4/22/22.

On May 17, 2022, this Court remanded the matter to the PCRA court to conduct a hearing "as to whether Appellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)[.]" **Commonwealth v. Faust**, 590 EDA 2022 (Pa. Super. 5/17/22) (order). The PCRA court conducted a hearing, after which it permitted Appellant to proceed *pro se* with his appeal. PCRA Court Order, 6/30/22. The appeal is now before us for review.

Appellant presents the following issues:

I. Whether PCRA counsel was ineffective for failing to raise, in her Amended PCRA Petition, whether the resentencing court abused its discretion by failing to give reasons why it mechanically reimposed Appellant's previous (22) year sentence.

II. Whether the PCRA court erred for failing to comply with Pa.R.Crim.P. 720(A), which constituted a breakdown that excuses the untimely filing of Appellant's direct appeal.

Appellant's Brief at 4 (punctuation modified).

Before addressing Appellant's issues, we must ascertain whether Appellant timely filed his PCRA petition. The timeliness of a PCRA petition is jurisdictional; if the petition is untimely, courts lack jurisdiction and cannot

- 4 -

grant relief. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (recognizing courts do not have jurisdiction over an untimely PCRA petition). A PCRA petition must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S.A. § 9545(b). The one-year time limit is jurisdictional, and a court has no power to address the substantive merits of an untimely petition. ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723-24 (Pa. 2003); ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

The three exceptions to the one-year filing requirement are for newly discovered facts, interference by a government official, and a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition asserting an exception must also establish that the exception was raised within one year of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, the trial court resentenced Appellant on September 19, 2017. Appellant's counsel filed untimely post-sentence motions which did not stay the 30-day appeal period. ***See*** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence …."). Although Appellant filed a direct appeal, this Court quashed the appeal for lack of jurisdiction; on January 7, 2020, the Pennsylvania Supreme Court denied allowance of appeal.

*Commonwealth v. Faust*, 217 A.3d 378 (Pa. Super. 2019) (unpublished memorandum at 8), *appeal denied*, 222 A.3d 1133 (Pa. 2020). Thus, Appellant's judgment of sentence became final on Thursday, October 19, 2017. *See* Pa.R.A.P. 903(a) ("the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). Appellant was required to file a PCRA petition within one year, or by October 19, 2018.

Appellant filed the instant PCRA petition, his first after resentencing, on March 2, 2020. Appellant's petition is facially untimely under the PCRA. However, in his amended petition, Appellant alleged he was abandoned by post-sentence counsel and on appeal. Amended Petition, 3/31/21, ¶¶ 8-10. Appellant claimed resentencing counsel did not communicate with him "relative to the legality of filing untimely post-sentence motion[s] and of effectuating his direct appeal to the Superior Court." *Id.* ¶ 21. Appellant averred that he informed counsel he wished to challenge his sentence. *Id.* ¶ 22. Appellant filed his petition within one year of the Supreme Court's denial of allowance of appeal, after the appointment of counsel.

While "[i]t is well settled that allegations of ineffective assistance of counsel [('IAC')] will not overcome the jurisdictional timeliness requirements of the PCRA[,]" *Wharton*, 886 A.2d at 1127, this rule does not extend to claims alleging abandonment of counsel. *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007). As our review of the record confirms that counsel

abandoned Appellant, and Appellant proceeded *pro se* with his direct appeal, we address Appellant's substantive claims.

Our review of the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Appellant asserts ineffectiveness of counsel. To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. ***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008).

Appellant first claims PCRA counsel was ineffective for not challenging discretionary aspects of Appellant's new sentence. Appellant's Brief at 8.[4]

_____

[4] Appellant claims ineffective assistance of counsel in his purported "Pa.R.A.P. 2119(f) Statement of the Reasons to Allow an Appeal[.]" Appellant's Brief at 7.

Appellant argues his claim has merit because the resentencing court failed to state on the record its reasons for imposing the same sentence, "without considering the sentencing criteria pursuant to 42 Pa.C.S.A. § 9781(d)[.]" **Id.** According to Appellant, he asked PCRA counsel to challenge his sentence, but counsel advised him to wait until federal proceedings. **Id.** at 9.

Appellant further contends the resentencing court failed to consider mitigating evidence.[5] **Id.** at 8. Appellant repeats his challenge to the discretionary aspects of his new sentence.[6] **Id.** at 12-25. According to Appellant, the PCRA court improperly denied his request to file a *nunc pro tunc* post-sentence motion. **Id.** at 25.

A discretionary sentencing claim is not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2) (setting forth the cognizable claims under the PCRA). Thus, PCRA counsel did not render ineffective assistance by not raising this issue. **See Steele**, 961 A.2d at 796.

To the extent Appellant presents a layered ineffectiveness claim based on resentencing counsel's failure to timely file a post-sentence motion, and

_____

[5] Appellant also claims his sentence is illegal. Appellant's Brief at 8. Appellant does not develop this bald claim, stating that his sentence is "manifestly excessive and clearly unreasonable under [42 Pa.C.S.A. §] 9781(c)(1) and (2) and (d)." **Id.**

[6] Appellant acknowledges the court resentenced him within the standard ranges of the sentencing guidelines, and appears to challenge the imposition of consecutive rather than concurrent sentences. Appellant's Brief at 21.

PCRA counsel's failure to present this claim, we observe that post-sentence

counsel sought reinstatement of Appellant's post-sentence rights *nunc pro*

*tunc*.  As the PCRA court explained:

> Following remand, Robert Turco, Esquire, was appointed to represent Appellant at the resentencing hearing, which was held on September 19, 2017.  At the conclusion of the hearing, Appellant was resentenced to 17-to-35 years' imprisonment for third-degree murder and a consecutive term of 5–to-10 years' imprisonment for attempted murder.  Appellant executed a statement of post sentence rights.  [N.T., 9/19/2017, p. 29].
>
> **On October 3, 2017, Attorney Turco filed a petition to withdraw as counsel as well as an untimely Petition for Reconsideration of Sentence** from September 19, 2017.  In the petition, Attorney Turco relayed that Appellant wrote him a letter dated September 19, 2017, requesting that a post-sentence motion be filed; however, the letter was not sent until September 27, 2017, and [counsel] did not receive the letter until the ten days to file a timely motion had expired.[FN]  There was no documentation attached to the motion or provided by Appellant to this [c]ourt or Attorney Turco to indicate when the letter was actually given to the prison authorities to be mailed.  Following a hearing held on October 19, 2017, the motion to reconsider was denied as untimely **but also without merit**, indicating that this [c]ourt would not have changed Appellant's sentence even if timely filed.  Attorney Turco was permitted to withdraw.
>
> ---
>
> [FN] *See* Petition for Reconsideration of Re-Sentence of September 19, 2017[,] filed on October 3, 2017.
>
> ---
>
> *        *        *
>
> The transcript from the resentencing hearing clearly evinces that this [c]ourt provided Appellant adequate reasons for the new sentence.  Therefore, assuming *arguendo*[] that Attorney Turco had filed a timely post-sentence petition, it would unquestionably have been denied as meritless.

PCRA Court Opinion, 3/15/22, at 2-3, 6 (footnote in original, emphasis added).

The record confirms the PCRA court's account.  Further, the trial court

explained it

> appointed counsel to represent Appellant at the re-sentencing hearing.  Both counsel for Appellant and counsel for the Commonwealth submitted sentencing memorandums which this [c]ourt reviewed.  [The c]ourt also reviewed the transcripts from the original sentencing, which included testimony from the victim's families.  [The c]ourt heard from counsel for Appellant and Appellant at the hearing, in regard to Appellant's upbringing, his remorse, and the actions he has taken while incarcerated in order to better himself.  [N.T., 9/17/2017 p. 9-12].  [The c]ourt also heard from Appellant's friend, Randall Smith, who told [the c]ourt about Appellant's good character [N.T., 9/17/2018 p. 17].  The Commonwealth recited to [the c]ourt the facts from trial, that Appellant was chasing three victims down by Veteran's Park in Chester, PA, all the way down the block while firing his weapon at them.  [N.T., 9/17/2017 p. 18].  The Commonwealth also pointed out that Appellant has been misconduct free in prison for three years but has been incarcerated for ten.  [N.T., 9/17/2017 p. 20].
>
> The guidelines for the re-sentencing were Murder In the Third Degree, with deadly weapon enhancement, 90 [-] 240 months with a mitigated range of 78 months.  For Criminal Attempt to Murder with no serious bodily injury, the standard range was 78 [-] 96 months with a mitigated range of 66 months. [N.T., 9/17/2017 p. 24].
>
> The [c]ourt imposed the following sentence: Information A: Murder in the Third Degree, 204 [-] 420 months at SCI and on Information G: Attempted Murder: 60 [-] 120 months consecutive to Information A.  Appellant was not RRRI eligible or boot camp eligible.  All other conditions of the original sentence remained the same.
>
> ….
>
> … Appellant claims that [the resentencing court] should have considered the mitigating facts that the original sentencing judge was unable to consider due to the mandatory minimum.

[The resentencing court] took into consideration everything Appellant detailed in his memorandum as well as his words at sentencing. Simply because [the c]ourt did not minimize his sentence does not mean they were not considered.

Secondly, Appellant claims that everything he has done in prison since the time of his incarceration, such as taking classes and good behavior, should be considered. This is wholly false and an issue[] that would be considered at a parole board hearing. [The resentencing c]ourt was instructed to re-sentence Appellant solely because of the mandatory minimum that was imposed at the time of the original sentence. The rest of the sentencing scheme was affirmed. [The c]ourt removed the mandatory minimum and sentenced Appellant accordingly. What Appellant has completed while incarcerated is of no bearing on re-sentencing Appellant.

*See* Trial Court Opinion, 2/7/18, at 2, 6-7.

Our review of the record confirms the above findings and conclusions, and we discern no abuse of discretion. Because Appellant's underlying claim lacks arguable merit, a layered claim of ineffectiveness of counsel would fail. *See Steele*, 961 A.2d at 796.

In his second issue, Appellant argues the resentencing court violated Pa.R.Crim.P. 720(A). Appellant's Brief at 25. Appellant also claims the PCRA court erred by not allowing him to file a post-sentence motion *nunc pro tunc*. *Id.* Appellant asserts that noncompliance with Pa.R.Crim.P. 720(A) deprived him of the ability to file a post-sentence motion. *Id.*

We address this claim to the extent it invokes the legality of Appellant's sentence. *See* 42 Pa.C.S.A. § 4523(a)(2)(i), (vii) (deeming cognizable a claim challenging the legality of sentence).

Pennsylvania Rule of Criminal Procedure 720(A) provides:

- 11 -

**(1)** Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence.

**(2)** If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

> **(a)** within 30 days of the entry of the order deciding the motion;
>
> **(b)** within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or
>
> **(c)** within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

**(3)** If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4).

**(4)** If the Commonwealth files a timely motion to modify sentence pursuant to Rule 721, the defendant's notice of appeal shall be filed within 30 days of the entry of the order disposing of the Commonwealth's motion.

Pa.R.Crim.P. 720(A).

Appellant fails to demonstrate any error. There is no legal authority to support Appellant's claim that he was entitled to file a post-sentence motion *nunc pro tunc*. Although Appellant argues the resentencing court should have notified him of counsel's untimely filing, Rule 720(A) does not require the court to do so. **See id.** As this issue lacks merit, a related ineffectiveness claim would not warrant relief. **See Steele**, 961 A.2d at 796.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023